RECEIVED

SHEPPARD, MULLIN, RICHTER & HAMPTON llp
A Limited Liability Partnership
Including Professional Corporations
DOUGLAS R. HART, Cal. Bar No. 115673
JENNIFER B. ZARGAROF, Cal. Bar No. 204382
JULIE WONG, Cal. Bar No. 247342
JONATHAN P. BARKER, Cal. Bar No. 233652
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Telephone: 213-620-1780
Facsimile: 213-620-1398
dhart@sheppardmullin.com
jzargarof@sheppardmullin.com
jwong@sheppardmullin.com
jbarker@sheppardmullin.com

Attorneys for Defendant
GARFIELD BEACH CVS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| ERIC T. HICKS,<br><br>Plaintiff,<br><br>v.<br><br>GARFIELD BEACH CVS, LLC, THRIFTY PAYLESS, INC., STR. 9804,<br><br>Defendants. | Case No. ED CV 10 - 00793 VAP (OPx)<br><br>NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. 1331, 1441 AND 1446 (FEDERAL QUESTION JURISDICTION)<br><br>[Second Amended Complaint filed: April 28, 2010] |

-1-

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION AND TO PLAINTIFF:

PLEASE TAKE NOTICE that Defendant Garfield Beach CVS, LLC ("Defendant") hereby removes the matter of <u>Eric T. Hicks v. Garfield Beach CVS, LLC, et al.</u>, Riverside County Superior Case No. INC 090728, from the Riverside County Superior Court to the United States District Court for the Central District of California – Eastern Division pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

On October 27, 2009, Plaintiff filed his Complaint in the instant matter naming a nonexistent entity, "CVS Pharmacy Store 9804, a National Corporation."[1] Plaintiff never properly served "CVS Pharmacy Store 9804, a National Corporation" or the Real Party in Interest Garfield Beach CVS, LLC with the Complaint. (Wong Decl., ¶ 2.) On December 10, 2009, Plaintiff filed a First Amended Complaint that continued to name the nonexistent entity, "CVS Pharmacy Store 9804, a National Corporation."[2] Again, Plaintiff failed to properly serve "CVS Pharmacy Store 9804, a National Corporation" or Real Party in Interest Garfield Beach CVS, LLC. (Wong Decl., ¶ 3.) Because Plaintiff could not effectuate service against the nonexistent entity, "CVS Pharmacy Store 9804, a National Corporation," and did not attempt to serve the Real Party in Interest Garfield Beach CVS, LLC's agent for process of service or anyone authorized to accept service on its behalf, no response to Plaintiff's complaints was filed. (Wong Decl., ¶¶ 2-3.)

---

[1] A true and correct copy of Plaintiff's Complaint is attached to the Declaration of Julie Wong ("Wong Decl.") as Exhibit A.

[2] A true and correct copy of Plaintiff's First Amended Complaint is attached to the Wong Decl. as Exhibit B.

On March 2, 2010, Plaintiff requested the entry of default in this matter. (Wong Decl., ¶ 4.) On March 4, 2010, although Plaintiff improperly named "CVS Pharmacy Store 9804, a National Corporation" with respect to the requested entry of default, and did not serve either that non-existent entity or Real Party in Interest Garfield Beach CVS, LLC, in an abundance of caution, Real Party in Interest Garfield Beach CVS, LLC moved to set aside the entry of default and sought to file a motion to quash service. (Id.) On March 18, 2010, Plaintiff moved for leave of court to file a Second Amended Complaint in order to name, for the first time, the Real Party in Interest Garfield Beach CVS, LLC. (Id.)

On April 28, 2010, the Court granted Real Party in Interest Garfield Beach CVS, LLC's motion to set aside the entry of default.[3] (Id. at ¶ 5.) The Court also granted Plaintiff's request to file a Second Amended Complaint ("SAC"). (Id.) The Court further ordered Plaintiff to serve Garfield Beach CVS, LLC pursuant to the California Code of Civil Procedure. (Id.)

On April 28, 2010, Plaintiff filed a SAC, which for the first time names Garfield Beach CVS, LLC as a defendant. Plaintiff's SAC asserts federal claims against Defendant under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq. and the Fair Labor Standards Act("FLSA"), 29 U.S.C. § 206, et seq. (Id. at ¶ 6.)[4] Plaintiff's SAC was sent to counsel for Defendant by certified mail on May 4, 2010, but has not yet been served on Defendant. (Id.)

---

[3] A true and correct copy of the Court's April 28, 2010 order is attached to the Wong Decl. as Exhibit C.

[4] A true and correct copy of Plaintiff's Second Amended Complaint is attached to the Wong Decl. as Exhibit D.

W02-WEST:1JPB1\402672118.1

NOTICE OF REMOVAL

1  This action is a civil action over which this Court has original
2  jurisdiction pursuant to 28 U.S.C. § 1331, and is one that may be removed to this
3  Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446,
4  because the Complaint poses federal questions. *See* 28 U.S.C. § 1331. The
5  following is a short, plain statement of the grounds for removal.
6
7  **GROUNDS FOR REMOVAL**
8  **FEDERAL QUESTION**
9  In his SAC, Plaintiff asserts a discrimination claim, which is alleged to
10 arise under both California state law and the federal ADEA, 29 U.S.C. §§ 621, et
11 seq. Plaintiff alleges that he was terminated by Defendant for discriminatory
12 reasons. Plaintiff alleges that his allegedly wrongful termination constitutes a
13 "willful violation" of the ADEA, and seeks "liquidated damages" for that alleged
14 violation, pursuant to 29 U.S.C. § 626(b).
15
16 Plaintiff also alleges that Defendant failed to maintain accurate records
17 regarding his hours worked and earnings, in violation of the FLSA, 29 U.S.C. § 201,
18 et seq. Specifically, Plaintiff asserts that Defendant has not maintained records as
19 required by the FLSA, and in the manner set forth in 29 C.F.R §§ 516.5 and 516.6.
20
21 The ADEA is a federal statute found in 29 U.S.C. §§ 621, et seq.
22 Similarly, the FLSA is a federal statute found in 29 U.S.C. §§ 201, et seq.
23 Accordingly, removal of this action is proper, pursuant to 28 U.S.C. § 1331, because
24 Plaintiff's SAC sets forth federal questions over which this Court has original
25 jurisdiction.
26
27
28

## THIS NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

Defendant has filed this Notice of Removal in a timely fashion pursuant to 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days after service of the first pleading in a state court action that sets forth a removable claim. This 30 day period is measured from the point at which Defendant has notice of a removable claim. Notice of removability is determined by the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005); see also Whitaker v. American Telecasting, Inc., 261 F.3d 196, 206 (2d Cir. 2001).

The 30 day period prescribed by 28 U.S.C. § 1446(b) does not begin to run until the defendant is served with a complaint which asserts a federal claim against the defendant. Receipt of a complaint by means other than effective service of process does not trigger the timing requirements of 28 U.S.C. § 1446(b). Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999.) When service becomes effective is determined by state law. City of Clarksdale v. BellSouth Telecommunications, Inc., 428 F.3d 206, 210 (5th Cir. 2005).

Here, Plaintiff did not assert any claims against Defendant Garfield Beach CVS, LLC until filing his SAC, which was first filed on April 28, 2010. (Wong Decl, ¶ 6.) Defendant has not yet been served with the SAC, or Plaintiff's Complaint or First Amended Complaint, although Plaintiff sent a copy of the SAC to counsel for Defendant by mail on May 4, 2010. (Id.) Plaintiff's FAC asserts federal claims against Defendant. (Id.) Thus, by filing this Notice on May 28, 2010, Defendant is well within the timing requirements of 28 U.S.C. § 1446(b), which have not even started to run. In addition, a copy of this Notice of Removal will be served on Plaintiff and filed with the Riverside County Superior Court.