**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES -- GENERAL

Case No.   EDCV 10-00793 VAP(OPx)                                Date: March 9, 2011

Title:     ERIC T. HICKS -v- GARFIELD BEACH CVS, LLC, THRIFTY PAYLESS, INC., STR. 9804
==================================================================
PRESENT:    HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None | None |

PROCEEDINGS:    MINUTE ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL (IN CHAMBERS) Link & Term Dkt. 45

   Before the Court is a "Motion for New Trial Pursuant to Civil Code § 660-661" ("Motion") filed by Plaintiff Eric Hicks ("Plaintiff") on March 7, 2011. In support of his Motion, Plaintiff relies on the California Civil Code sections governing new trials. Here, however, the Federal Rules of Civil Procedure govern Plaintiff's Motion for a new trial. See Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 426-27 (1996) (reaffirming that under the Erie doctrine "federal courts sitting in diversity apply federal procedural law and state substantive law.") Under Federal Rule of Civil Procedure 59, the Court may grant a new trial only after an initial trial has concluded. See Fed. R. Civ. P. 59(a). As there has been no initial trial, there are no grounds for a "new trial." Accordingly, the Court DENIES Plaintiff's Motion.

EDCV 10-00793 VAP(OPx)
ERIC T. HICKS v. GARFIELD BEACH CVS, LLC, THRIFTY PAYLESS, INC., STR. 9804
MINUTE ORDER of March 9, 2011

      To the extent Plaintiff seeks reconsideration under Rule 60(b), his Motion similarly lacks merit, as he does not articulate any "newly discovered evidence," or "other reason that justifies relief." Fed. R. Civ. P. 60(b).

      Finally, the Court notes this is Plaintiff's fourth request for relief from judgment, however denominated. (See, e.g., Doc. Nos. 14, 27, 33.) Under Federal Rule of Civil Procedure 11, a Court may impose "sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1177 (9th Cir. 1996). Although Plaintiff is proceeding pro se, he is not exempt from Rule 11. See id.; Warren v. Guelker, 29 F.3d 1386, 1389-90 (9th Cir. 1994).

      **IT IS SO ORDERED.**